106 A.3d 1292

Rebecca SERNOVITZ and Lawrence Sernovitz, Individually and as Parents and Natural Guardians of Samuel Sernovitz,

v.

Stuart Z. DERSHAW, M.D., John Stack, M.D., Laura Borthwick–Scelzi, M.D., Margaret M. Fillinger, CRNP, Women's Care of Montgomery County, Holy Redeemer Hospital and Medical Center and Holy Redeemer Health System, Inc.,

The General Assembly of the Commonwealth of Pennsylvania, Intervenor

Petition of Stuart Z. Dershaw, M.D., John Stack, M.D., Laura Borthwick–Scelzi, M.D., Margaret M. Fillinger, CRNP, Women's Care of Montgomery County, Holy Redeemer Hospital and Medical Center and Holy Redeemer Health System, Inc.

Rebecca Sernovitz and Lawrence Sernovitz, Individually and as Parents and Natural Guardians of Samuel Sernovitz

v.

Stuart Z. Dershaw, M.D., John Stack, M.D., Laura Borthwick–Scelzi, M.D., Margaret M. Fillinger, CRNP, Women's Care of Montgomery County, Holy Redeemer Hospital and Medical Center and Holy Redeemer Health System, Inc.

The General Assembly of the Commonwealth of Pennsylvania, Intervenor

Cross Petition of the General Assembly of the Commonwealth of Pennsylvania, Intervenor.

Supreme Court of Pennsylvania.

Oct. 15, 2014.

## *ORDER*

PER CURIAM.

**AND NOW,** this 15th day of October, 2014, the Petition for Allowance of Appeal at 140 MAL 2013 is **GRANTED.** The issues, as stated by Petitioners, are:

(1) Do special and important reasons exist which mandate this Court's intervention, since the Superior Court failed to apply the Laches Doctrine and instead invalidated 24–year–old legislation based on the court's finding of a procedural constitutional violation where: (a) the procedural challenge was raised over 22 years after the statute's enactment, and (b) others similarly situated could have made the procedural challenge earlier, thereby raising a significant constitutional issue having far-reaching ramifications on this Commonwealth's established jurisprudence?

(2) Do special and important reasons exist which mandate this Court's intervention, since Senate Bill 646 contained a reasonably broad single subject, and the Superior Court's failure to recognize same directly contravenes binding legal authority emanating from this Court?

(3) Do special and important reasons exist which mandate this Court's intervention, since the Superior Court's decision regarding the severability of Act 47 of 1988 exceeds the bounds of the Court's judicial province, violates Article III, Section 1 of the Pennsylvania Constitution and is contrary to pertinent legal authority emanating from this Court?

The Application for Leave to File Supplement to Petition for Allowance of Appeal is **DENIED.**

The Cross–Petition for Allowance of Appeal at 145 MAL 2013 is **GRANTED.** The issues, as stated by Petitioner, are:

(1) Whether the laches doctrine—already applicable to procedural challenges under Article III of the Pennsylvania Constitution as decided in *Stilp v. Hafer* [553 Pa. 128], 718 A.2d 290 (Pa.1998)—bars procedural constitutional

challenges brought more than two decades after enactment of the challenged legislation, where others similarly situated to Respondents could have raised those procedural challenges immediately after enactment[?]

(2) Whether the Supreme Court should enunciate a standard, consistent with the laches doctrine, barring procedural constitutional challenges made beyond the end of the next full legislative session following enactment[?]

(3) Whether the Superior Court erred in finding that Act 47 of 1988 did not comply with the single subject rule of Article III, Section 3 of the Pennsylvania Constitution where all of the provisions of that act relate to the single unifying subject of "civil and criminal court proceedings?"

(4) Whether the Superior Court applied an improper remedy for a purported violation for the single subject rule of Article III, Section 3 by arbitrarily choosing which provisions to strike from Act 47 of 1988 and which to preserve?